IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.:    1:11cr40/MW/GRJ
                                                     1:14cv150/MW/GRJ

COREE PATRICK

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody," supporting memorandum of law and supplements thereto.   (ECF Nos. 103, 104, 115, 122.)   The Government has responded to the original motion and the supplements (ECF No. 111, 127) and Petitioner has filed a reply.   (ECF No. 114.)   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of the record and the arguments presented the Court concludes that Petitioner is entitled to relief in the form of resentencing with respect to Ground Three of his motion, and that as to the remaining claims, the motion should be denied.

## BACKGROUND

Petitioner was charged with three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (ECF No. 1.)   Petitioner proceeded to trial represented by appointed counsel Anderson Hatfield.   The jury convicted him as charged after a three day trial.   (ECF Nos. 55, 86-88.)

Petitioner's Presentence Investigation Report ("PSR") reflected a base offense level of 24, and two two-level increases due to the quantity of firearms and the fact that at least one of the firearms was stolen.   (ECF No. 68, PSR ¶¶ 18-20.)   Petitioner was subject to an enhanced sentence as an Armed Career Criminal under 18 U.S.C. §924(e) and his offense level became 33 pursuant to U.S.S.G. § 4B1.4(b)(3)(B).   He had 17 criminal history points, and his criminal history category was VI, whether calculated in accordance with the points or as a result of the chapter IV enhancement.   (ECF No. 68, PSR ¶ 44.)   The applicable guidelines range was 235 to 293 months imprisonment.   (ECF No. 68, PSR ¶ 78.) The court sentenced him to concurrent terms of 264 months imprisonment

on each count, followed by five years of supervised release.   (ECF No. 71; ECF No. 83 at 30.)

Petitioner appealed, contending that the district court abused its discretion by admitting evidence at trial regarding his prior armed robbery conviction.   (ECF No. 98.)   As noted in the Eleventh Circuit's opinion, he had filed a motion in limine prior to trial to exclude evidence of two prior crimes.   The district court denied the motion based on Petitioner's intent to present an entrapment defense.   Asserting this defense placed his character at issue, and thus introduction of the past offenses as character evidence was probative of his intent, motive and predisposition to possess firearms.   The district court offered a limiting instruction advising the jury that its consideration of the 404(b) evidence was limited to whether Petitioner was entrapped in the instant case.

The Eleventh Circuit found that the district court did not abuse its discretion in admitting evidence of Petitioner's prior armed robbery conviction under Rule 404(b).   It further found that even if the challenged evidence did not meet Rule 404(b)'s admissibility requirements, the evidence was admissible "propensity evidence" to rebut Petitioner's

entrapment defense.    (ECF No. 98 at 8.)    Judge Jordan concurred in the

judgment and wrote that in his opinion the district court erred in admitting

evidence of the 1993 robbery, but nonetheless agreed that the admission

of this evidence "had no substantial influence on the outcome and sufficient

evidence uninfected by [the] error support[ed] the verdict."    (ECF No. 98 at

9 (citation omitted).)

Petitioner filed a motion to recall the mandate.    The Eleventh Circuit

granted the motion and directed him to file a petition for rehearing or

rehearing in banc within twenty-one days.    (ECF No. 102.)    Petitioner,

with the assistance of another inmate, filed a pro se motion for appointment

of appellate counsel to assist him in presenting the motion for rehearing.

(Eleventh Circuit Case 12-15814, filed June 6, 2014.)    The motion appears

on the appellate docket as a "Motion to Withdraw as counsel filed by

Appellant Coree Patrick", and the next docket entry, dated August 28,

2014, reads "MOTION MOOT: Motion to withdraw as counsel is MOOT."

(Eleventh Circuit Case 12-15814, filed August 28, 2014.)

In lieu of filing anything further with the Eleventh Circuit, Petitioner

filed the instant motion to vacate pursuant to the prison mailbox rule on

August 21, 2014.   (ECF No. 103 at 13.)   He alleges that his Fifth, Sixth

and Fourteenth Amendment rights were violated as explained in four

grounds for relief.   He challenges the introduction of the 404(b) evidence,

the application of an ACCA sentencing enhancement, and an alleged Rule

32 violation at sentencing, and makes a general ineffective assistance of

counsel claim with numerous subparts.   Defendant moved to supplement

his motion to add a claim pursuant to *Johnson v. United States*, 135 S. Ct.

2551 (2015) (ECF No. 115), and then filed a "Title 28 U.S.C. § 2255 Motion

Supplemental Authority and Argument" in which he restated and reargued

Ground II of his motion relating to the ACCA enhancement.   (ECF No.

122.)   The Government opposes the motion, as supplemented, in its

entirety.

## ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore

the grounds for collateral attack on final judgments pursuant to § 2255 are

extremely limited.   A prisoner is entitled to relief under section 2255 if the

court imposed a sentence that (1) violated the Constitution or laws of the

United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).   The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.   *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).   Once a matter has been decided

adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.   *Nyhuis*, 211 F.3d at 1343 (quotation omitted).   Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.   *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.   *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).   An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."   *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice

resulting from the alleged error, that is, alternatively, that he is "actually

innocent."   *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations

omitted).   To show cause for procedural default, a defendant must show

that "some objective factor external to the defense prevented [him] or his

counsel from raising his claims on direct appeal and that this factor cannot

be fairly attributable to [defendant's] own conduct."   *Lynn*, 365 F.3d at

1235.   A meritorious claim of ineffective assistance of counsel can

constitute cause.   *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable

on direct appeal and are properly raised by a § 2255 motion regardless of

whether they could have been brought on direct appeal.   *Massaro v.

United States*, 538 U.S. 500, 503 (2003); *see also United States v.

Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.

1249, 1257 n.5 (11th Cir. 2016).   In order to prevail on a constitutional

claim of ineffective assistance of counsel, a defendant must demonstrate

both that counsel's performance was below an objective and reasonable

professional norm and that he was prejudiced by this inadequacy.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529

U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th

Cir. 2013).   In applying *Strickland*, the court may dispose of an ineffective

assistance claim if a defendant fails to carry his burden on either of the two

prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d

1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th

Cir. 2000) ("[T]he court need not address the performance prong if the

defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court

must, with much deference, consider "whether counsel's assistance was

reasonable considering all the circumstances."   *Strickland*, 466 U.S. at

688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th

Cir. 2007).   Reviewing courts are to examine counsel's performance in a

highly deferential manner and "must indulge a strong presumption that

counsel's conduct fell within the wide range of reasonable professional

assistance."   *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009)

(quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*,

218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of

reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d

362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").   Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.   *Strickland*, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.   "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness."   *Chandler*, 218 F.3d at 1314.   When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   *Strickland*, 466 U.S. at 694.   "The likelihood of a different result must be substantial, not just conceivable."   *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).   For

the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory

Case Nos.: 1:11cr40/MW/GRJ; 4:14cv150/MW/GRJ

allegations of ineffective assistance are insufficient to satisfy the *Strickland*

test.   *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34

(11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir.

2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson*

*v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941

F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899

(11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Furthermore, counsel is not constitutionally deficient for failing to preserve

or argue a meritless claim.   *Denson v. United States*, 804 F.3d 1339, 1342

(11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d

1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue

is a trial or sentencing issue.   *See, e.g.*, *Sneed v. Florida Dep't of*

*Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve

meritless *Batson* claim not ineffective assistance of counsel);   *Lattimore v.*

*United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not

ineffective for failing to make a meritless objection to an obstruction

enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002)

(counsel was not ineffective for failing to raise issues clearly lacking in

merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."   *Chandler*, 218 F.3d at 1313.   This is because the test is not what the best lawyers would have

done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.   *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"   *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).   The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory."   *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).   Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.   A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

Case Nos.: 1:11cr40/MW/GRJ; 4:14cv150/MW/GRJ

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

## Petitioner's Claims

### *Ground One—Introduction of 404(b) evidence*

Petitioner's first claim is that he was denied a fair trial when the trial court allowed 404(b) evidence regarding a 1993 shooting in which he took part to be presented to the jury. (ECF No. 104 at 3.) Through his arguments, Petitioner attempts to relitigate the very issue that was addressed on appeal, ignoring the relevance of the entrapment defense he raised at trial.   As outlined above, this court need not reconsider arguments that were raised and disposed of on appeal.   *See Stoufflet*, 757 F.3d at 1239; *Rozier*, 701 F.3d at 684; *Nyhuis*, 211 F.3d at 1343.   No relief is warranted on this claim.

### *Ground Two—Application of ACCA enhancement[1]*

Petitioner next contends that the district court improperly applied the ACCA enhancement, and counsel failed to object.

Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who is convicted of a violation of § 922 and has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory

---

[1] This claim also encompasses the Ground Five raised in Petitioner's first supplement. (ECF No. 115)

Case Nos.: 1:11cr40/MW/GRJ; 4:14cv150/MW/GRJ

minimum fifteen-year sentence.    18 U.S.C. § 924(e)(1).    Petitioner's PSR

did not specifically identify the three convictions that provided the basis for

the application of the enhancement.    Two crimes of violence were

identified in support of the elevated base offense level, a conviction for

aggravated battery with a firearm and robbery with a firearm (PSR ¶ 29)

and a conviction for Aggravated Battery without a firearm (PSR ¶ 34).

(ECF No. 68, PSR ¶ 18.)    Petitioner also was convicted of possession of

cocaine with intent to sell or deliver (PSR ¶ 42).    It is the validity of the

latter conviction as an ACCA predicate that he now challenges.    Petitioner

asserts that this conviction is not an ACCA predicate after *Descamps v.*

*United States*, 133 S. Ct. 2276 (2013) and the Eleventh Circuit's decision in

*Donawa v. United States*, 735 F. 3d 1275, 1281 (11th Cir. 2013).    Neither

case has any bearing upon the unambiguous definition of a serious drug

offense in the ACCA.

A serious drug offense is defined in the ACCA as "an offense under

state law, involving manufacturing, distributing, or possessing with intent to

manufacture or distribute a controlled substance (as defined in section 102

of the Controlled Substances Act (21 U.S.C. § 802))." 18 U.S.C. §

924(e)(2)(A)(ii).    Cocaine is specifically identified as a "narcotic drug" in 21

U.S.C. § 802(17)(D).    Furthermore, the Eleventh Circuit has specifically

held that a conviction under section 893.13(1), Florida Statutes, qualifies as

both a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A), as well as a

controlled substance offense under U.S.S.G. § 4B1.2(b).    *United States v.*

*Smith*, 775 F.3d 1262, 1267-68 (11th Cir. 2014); *see also United States v.*

*Pridgeon*, 853 F.3d 1192, 1197-98 (11th Cir. 2017) (following *Smith,*

reiterating that convictions under section 893.13, Florida Statutes are

"controlled substance offenses" for purposes of the career offender

enhancement).

The Petitioner recognizes in his supplement that this court's decision

on the merits of the issues he raises "will almost certainly be based on the

prior contrary decisions from the Eleventh Circuit."    (ECF No. 122 at 20.)

Regardless of Petitioner's disagreement with those decisions, Petitioner's

prior conviction for possession of cocaine with intent to sell or deliver

clearly falls within the purview of the ACCA.    Counsel was not ineffective

for his failure to object, and Petitioner is not entitled to relief.

Case Nos.: 1:11cr40/MW/GRJ; 4:14cv150/MW/GRJ

### *Ground Three—Rule 32 violation at sentencing*

Petitioner contends that he was denied his right of allocution at sentencing.   The Government asserts that this claim is procedurally barred because it was not raised on appeal.   Petitioner's ineffective assistance of counsel claim incorporates a reference to this issue, and the court finds this reference sufficient to circumvent the procedural bar and require merits review.

At sentencing, Petitioner initially addressed the court about ongoing medical issues he was having.   (ECF No. 83 at 10-11.)   The court asked "Anything else, Mr. Patrick, you'd like to say about this matter?"   (ECF No. 83 at 11.)   Petitioner responded in the negative.   (*Id.*)   In his remarks to the court, the prosecutor commented twice on Petitioner's lack of remorse when he had the opportunity to address the court.   (*See* ECF No. 83 at 22, 26.)   The Government also played portions of several incriminating recordings of phone calls from the jail wherein Defendant blamed others for his predicament and indicated his desire to kill those who had "snitched" on him.   (ECF No. 83 at 22-25.)   Defense counsel addressed the comments of the prosecution without disputing that Petitioner had not offered any

indication of remorse or suggesting that the court had not provided a proper opportunity to allocute.   (ECF No. 83 at 26-29.)   The court then indicated it was ready to impose sentence in Petitioner's case.   There is nothing in the record to suggest that Petitioner attempted to attract the court's attention to further address the court.

Petitioner now contends that if he had been allowed to allocute, he "would have pointed out that he was entrapped by the Government to sell the firearms," that he was a juvenile when the robbery and shooting took place, and that his current offense was a victimless crime.   (ECF No. 104 at 10.)   He also states that he would have asked the court to sentence him at the bottom of the applicable guidelines range or to exercise its authority to sentence him "below the mandatory minimum" without the "unlawful ACCA" enhancement.   (*Id.*)

Federal Rule of Criminal Procedure 32(i)(4)(A)(ii), which embodies the right of allocution, provides that before imposing sentence the court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence."   The right of allocution is "the right of the defendant to personally 'make a final plea on

his own behalf to the sentencer before the imposition of sentence.'"

*United States v. Doyle*, 857 F. 3d 1115, 1118 (11th Cir. 2017) (quoting

*United States v. Prouty*, 303 F. 3d 1249, 1251 (11th Cir. 2002). "Because

'[t]he most persuasive counsel may not be able to speak for a defendant as

the defendant might, with halting eloquence, speak for himself,' denial of

allocution has been grounds for reversal in the common law world since the

seventeenth century."    *Doyle*, 857 F. 3d at 1118 (quoting *Green v. United*

*States*, 365 U.S. 301, 304 (1961) (plurality opinion)).    Unlike this case,

*Doyle* was a direct appeal.    It is instructive, however, with respect to the

standard of review that would have been applied if appellate counsel had

raised the issue.

In *Doyle*, the Eleventh Circuit found that because the defendant had

not objected at the sentencing hearing, review was only for plain error.

*Doyle*, 857 F. 3d at 1118 (citing *Prouty*, 303 F.3d at 1251).    The *Doyle*

court went on to note that it would reverse a district court's decision under

the plain error rule if "there is: (1) error, (2) that is plain, and (3) that affects

substantial rights," and "if (4) the error seriously affects the fairness,

integrity, or public reputation of judicial proceedings." *Doyle*, 857 F. 3d at

1118 (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.

2005) (quotation marks omitted) (citing Fed. R. Crim. P. 52(b))).

*Doyle* held unequivocally that a failure to address defendant

personally about whether he wishes to make a statement to the court is

error, and the error is plain, thus satisfying the first two prongs of the test.

*Doyle*, 857 F.3d at 1118.

In this case, the Government apparently assumed at sentencing that

the court's question as to whether Petitioner had anything further to say

was Petitioner's opportunity to address the court.    In the Government's

response to the § 2255, however, it does not argue that Petitioner was

afforded the opportunity to allocute in this case.    Rather it relies on a

purported procedural bar and a misreading of the Eleventh Circuit's opinion

in *United States v. Prouty,* 303 F.3d 1249 (11th Cir. 2002).[2] Thus, the

Government appears to concede, without expressly stating, that Petitioner

was not offered the opportunity to exercise his right of allocution.

With respect to the two remaining requirements in the four-part test,

---

[2] The Government claims that Petitioner is not entitled to relief as he was not sentenced at the high end of his guideline range (*see* ECF No. 111 at 12), when actually *Prouty* held that prejudice may be presumed, and reversal is required, when the possibility of a lower sentence existed.    *Prouty*, 303 F.3d at 1252, 1253.

Case Nos.: 1:11cr40/MW/GRJ; 4:14cv150/MW/GRJ

the *Doyle* court stated that if the allocution error affects the defendant's

substantial rights, which is the third requirement, then the fourth

requirement, that the error affects the fairness of the proceedings, is also

met.    *Id.*    (quoting *United States v. Perez*, 661 F.3d 568, 586 (11th Cir.

2011)).    An error affects a defendant's substantial rights where it

prejudicially affected the outcome of the proceedings.    *Id.* (quoting

*Rodriguez*, 398 F.3d at 1299).    The party who failed to object to the error

typically has the burden of proving prejudice.    *Id.*    The exception to this is

where the possibility of a lower sentence exists.    *Doyle*, 857 F. 3d at 1119-

1120.    In such case, prejudice is presumed, because there is the

possibility that a defendant's remarks would have convinced the sentencing

judge to impose a lower sentence.    The *Doyle* court distinguished cases

where defendants were sentenced under a mandatory guidelines range as

opposed to those sentenced post-*Booker.*[3]

Petitioner in this case was sentenced under an advisory guidelines

range, and he was not sentenced to a statutory mandatory minimum

sentence.    Thus, prejudice may be presumed because a lower sentence

---

[3] *United States v. Booker*, 543 U.S. 220, 245 (2005) (holding that the U.S. Sentencing Guidelines should be treated as advisory rather than mandatory).

was certainly available to the court.   *See Doyle, Prouty, supra.*   If counsel

had raised this issue on appeal, Petitioner would have been entitled to

remand and resentencing.

The remedy, as set forth in *Doyle,* is to return Petitioner to the

position he was in on the day of his original sentencing hearing, with the

same record that was before the court at that time.   The two differences

are that Petitioner must be allowed to allocute, and the district court, under

*Pepper v. United States*, 562 U.S. 476 (2011), "may consider evidence of

the defendant's postsentencing rehabilitation and ... such evidence may, in

appropriate cases, support a downward variance from" the advisory

guidelines range.   *Doyle*, 857 F. 3d at 1121 (quoting *Pepper*, 562 U.S. at

481).

Thus, the Court should grant Petitioner's motion as to Ground Three,

appoint counsel, and schedule the case for resentencing.

### *Ground Four*—Ineffective assistance of counsel generally

Petitioner separates his ineffective assistance of counsel claim into

three grounds for relief, the first of which has multiple subparts.   First, he

claims that trial counsel was ineffective because he failed to object to the

introduction of prejudicial 404(b) evidence.   The issue of the introduction of

the 404(b) evidence has been fully litigated, and Petitioner does not

suggest what else counsel could or should have done or said that would

have led to a different outcome.   (ECF No. 104 at 11.)

Second, Petitioner contends that counsel failed to object to the use of

the predicate offenses to enhance his sentence under the ACCA.   The

propriety of the ACCA enhancement was addressed *supra* in Ground Two,

and there is no basis for relief.

Third, Petitioner contends that counsel failed to object to the court's

failure to allow him to allocute, as well as Ms. Ribbeck's testimony at

sentencing.   The failure to allocate was addressed above.   Ms. Ribbeck's

brief testimony at sentencing was in the nature of a victim impact

statement.   (ECF No. 83 at 17-18).   Ms. Ribbeck, who also testified at

trial, was the victim of the shooting that occurred when Petitioner was 17

years old.   She testified that it was important to her to see how Petitioner

would be sentenced.   Because of the injuries she sustained in the

shooting, and her fear about what Petitioner might do next, she offered her

opinion that Petitioner needed "to be put away."   (ECF No. 83 at 18).

There was nothing improper about Ms. Ribbeck's brief testimony, and counsel was not constitutionally ineffective for not objecting.

Petitioner next contends that prior to trial, his attorney was made aware of the Government's plan to offer the prejudicial 404(b) evidence if Petitioner relied on an entrapment defense, but counsel nonetheless proceeded as planned.   Petitioner does not suggest what other viable defense would have been available to counsel, had counsel chosen to forego this defense.   Petitioner's conclusory allegations prove nothing. Counsel's strategic decision to pursue an entrapment defense was not constitutionally ineffective.

Finally, Petitioner contends that appellate counsel was constitutionally ineffective because he failed to communicate with Petitioner during the appellate process.   For instance, Petitioner says that counsel failed to consult with him about what Petitioner thought might be relevant on the appeal.   The described "failure" to communicate does not alone give rise to a constitutional violation.   The majority of the claims Petitioner suggests he wanted counsel to raise have been discussed in this recommendation and are without merit.   In any event, assuming the report

and recommendation is adopted Petitioner will be resentenced and will be afforded another opportunity to appeal.

## Conclusion

An evidentiary hearing is not required to resolve any of Petitioner's claims.   As discussed above, the court concludes that Petitioner's § 2255 motion should be granted as to Ground Three.   As to all other claims, the motion should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right as to the claims that were rejected by this court. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining

how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.    The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" as amended (ECF No. 103) should be **DENIED** except as to Ground Three of the petition.

2.    The § 2255 petition should be **GRANTED** as to Petitioner's claim that counsel was constitutionally ineffective for failure to challenge the denial of the right of allocution.  Counsel should be appointed for Petitioner and this case should be scheduled for resentencing.

Case Nos.: 1:11cr40/MW/GRJ; 4:14cv150/MW/GRJ

3.      A certificate of appealability on any claims that were denied

should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 18th day of July, 2017.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge



<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.